UNITED STATES CASUALTY COMPANY, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, J. M. CALDERÓN, JR., JUDGE, Respondent.

No. C-63-70.      Decided January 21, 1964.

*Emilio De Aldrey* for petitioner. *Carmelo Avila Medina* and *Roberto Avila Rivera* for intervener.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM: On September 9, 1957 the Manager of the State Insurance Fund filed a complaint for damages in the San Juan Part of the Superior Court, for the benefit of laborers Silvestre Nieves Vázquez and Jovino Luna Torres, against U.S. Casualty Co., petitioner herein, and others, as a result of an automobile accident. Petitioner appeared and denied all the facts of the complaint, alleging as special defense that its policy limit was $2,500 and that it had exhausted it in a compromise with other persons injured in the same accident, and that it had no knowledge that there were other claimants at the time of the compromise. It prayed for judgment dismissing the complaint against it with award of attorney's fees. Subsequently it moved the trial court for a separate trial as to said special defense.

On April 15, 1958 the court rendered judgment granting the motion and dismissed the complaint as to petitioner. After a motion for reconsideration and several subsequent proceedings, including the filing of briefs and the taking of interrogatories, on February 20, 1961 the trial court entered an order dismissing the special defense on the ground that petitioner was liable to plaintiffs, and concluded that in exhausting its liability limit in a compromise with other

persons petitioner acted with disregard of plaintiffs' rights, in accordance with the evidence which it had available. In view of a motion for reconsideration, the trial court ratified its former ruling.

Feeling aggrieved, petitioner filed in this Court certiorari 2858 to review such ruling. We issued the writ, and after considering the question on the merits we rendered judgment on March 4, 1963 affirming the order on review. 87 P.R.R. 546. In our judgment we ordered petitioner to continue in the action as codefendant and that its liability under the policy as well as plaintiffs' share in the policy would be determined at the proper time.

Petitioner appeared before the court in the course of the trial on July 18, 1963 and deposited the sum of $2,500, its full policy limit. It requested to be dropped from the action as a party defendant by virtue of such deposit. The following day plaintiffs moved for imposition of attorney's fees on petitioner, to which objection was made. On August 13, 1963 the trial court entered a well-founded order imposing on petitioner $500 for attorney's fees. To review that order we issued the writ in the present appeal.

After making a recital covering the foregoing facts, the trial court stated in part:

"Codefendant United States Casualty Co. alleges that it should not be ordered to pay fees because the judgment of the Superior Court did not contain an award of attorney's fees,. and in reviewing that judgment the Supreme Court did not award attorney's fees either. Codefendant is not right.

"The trial court at no time rendered judgment in this case. What it did enter was an order on February 20, 1961 holding that codefendant United States Casualty Co. did not consider carefully the situation involved in a possible claim by co-plaintiffs at the time of compromising with other persons injured in the accident.

"Obviously, in this order the court could not order codefendant United States Casualty Co. to pay fees because the

case had not been closed. What the court decided in that order was an incident within the case. For that reason the Supreme Court could not impose attorney's fees either.

"In *Soto* v. *Lugo*, 76 P.R.R. 416, our Supreme Court announced the following doctrine in connection with the obstinacy of a party:

" 'The admission by a defendant of his negligence and liability in an action for damages a few days before the trial, after having unreasonably denied them when filing his original answer to the complaint, is a relevant factor in determining the amount of attorney's fees measured by the degree of guilt or obstinacy in the suit.'

"And in *Zalduondo* v. *Méndez*, [74 P.R.R. 597] it was stated:

" 'The award of attorney's fees is imperative when in the opinion of the court the losing party has acted rashly.'

"It also stated in *Valedón* v. *Fernández*, 79 P.R.R. 468:

" 'In an action for damages against an insured and his insurer, the latter may relieve itself of the results of obstinacy if, after conducting the proper investigation of the accident and concluding that the case is compensable, it so informs the court in its first allegation, regardless of the opinion of the insured.'

"In view of the foregoing, the court is of the opinion that codefendant United States Casualty Co. has been obstinate in defending itself against the claim made in above-entitled case and that it should be ordered to pay fees. Codefendant United States Casualty Co. is hereby ordered to pay the sum of $500 for attorney's fees."

██ The order on review is correct at law. Petitioner's motion to be dropped as a party involved the rendering of *final* judgment as to it, and the court could entertain a motion for attorney's fees. Although it is true that petitioner never litigated on the merits the facts of the accident, nonetheless it objected to plaintiffs' claim and attempted to defeat it. It compelled the latter to litigate in self-defense in the Superior Court as well as in this Court in certiorari 2858. As stated by the trial court, and it so appears from the rec-

ord, at the time of compromising the cases petitioner had information on all the persons *injured* in the accident. Even though at that time it did not know that plaintiffs' case could be a labor accident case, it did know that they were injured and that they could be claimants one way or another. The fact that it exhausted its policy limit by compromising with some of the aggrieved parties was its own action. To invoke the same as a special defense against the complaint and to compel plaintiffs to defeat it at a trial shows obstinacy. The cases cited by petitioner, particularly *Santaella* v. *Licari*, 83 P.R.R. 855 (1961), are not strictly applicable. Under the circumstances stated, we do not believe that the amount of fees fixed at $500 is unreasonable or excessive.

The writ of certiorari issued is quashed and the record is remanded for the rendition of judgment dropping petitioner from the action, with imposition of attorney's fees in the amount of $500, and for other further proceedings consistent with the order herein.